**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4356**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

LEANTHONY MARCELLE SLIGH,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. N. Carlton Tilley, Jr.,
Chief District Judge. (CR-04-133)

———————

Submitted:  September 12, 2005      Decided:  September 28, 2005

———————

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, Gregory Davis,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Angela Hewlett Miller, OFFICE OF THE UNITED STATES
ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Leanthony Marcelle Sligh pled guilty to one count of possession with intent to distribute cocaine base and one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); 21 U.S.C. § 841(a)(1), (b)(1)(B) (2000). Sligh was sentenced to an 84-month term of imprisonment for Count One and a consecutive 60-month term for Count Two. We affirm the convictions and sentence.

On appeal, Sligh's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious grounds for appeal, but raising the issue of whether the sentence imposed by the district court was reasonable. Although Sligh was informed of his right to file a pro se supplemental brief, he did not do so.

After the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the applicable guideline range as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. As stated in Hughes, we will affirm a

- 2 -

post-<u>Booker</u> sentence if it is both reasonable and within the statutorily prescribed range. <u>Id.</u> at 546-47.

Sligh's 84-month sentence on Count One was both at the lowest end of the guideline range and well below the statutory maximum of forty years. <u>See</u> 21 U.S.C. § 841(b)(1)(B). The imposition of a consecutive 60-month sentence on Count Two was mandatory under 18 U.S.C. § 924(c)(1)(A). Furthermore, as the district court appropriately treated the guidelines as advisory, calculated and considered the guideline range, and weighed the relevant § 3553(a) factors, we find the sentence reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>